IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **DONNIE SPIDELL,** | ] |
| | ] |
|     **Plaintiff,** | ] |
| | ] |
| **v.** | ]    CV-03-BE-3261-E |
| | ] |
| **AVONDALE MILLS, INC.,** | ] |
| | ] |
|     **Defendant.** | ] |
| | ] |

**MEMORANDUM OPINION**

**I. INTRODUCTION AND FACTUAL BACKGROUND**

This case is currently before the court on a motion for summary judgment (doc # 25), supporting brief (doc. # 26), and reply brief (doc. # 32) filed by defendant, Avondale Mills, Inc. *Pro se* plaintiff Donnie Spidell filed an objection to the motion for summary judgment (doc. # 30), but submitted no evidence in opposition to the motion for summary judgment.

Spidell, an African-American male and a former Avondale Mills employee, alleges that he was subjected to a racially hostile work environment, subjected to disparate treatment because of his race, and terminated on April 11, 2003 from his job as a weigher at the defendant's Sylacauga, Alabama facility, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981.

The court has jurisdiction of this case pursuant to its federal question jurisdiction under 28 U.S.C. §1331.  For the reasons outlined below, the court concludes that the defendant's motion for summary judgment is due to be GRANTED in its entirety.

As a preliminary matter, the court notes that the plaintiff failed to follow the instructions delineated in Exhibit A to the April 5, 2004 scheduling order (doc. # 7). Specifically, Spidell's objection to the motion for summary judgment does not clearly identify what, if any, facts he disputes from the defendant's statement of undisputed facts and does not cite to any record evidence in support of the factual allegations asserted in his objection to the motion for summary judgment. Exhibit A reads in pertinent part:

> The response to the movant's facts shall acknowledge those facts not in dispute, and must clearly identify any disputed facts. Any facts which are disputed shall contain a specific reference to the evidentiary record. All material facts set forth in the statement required of the moving party *will be deemed to be admitted for summary judgment purposes unless specifically controverted* by the response of the party opposing the motion for summary judgment.

(emphasis added). The plaintiff's *pro se* status cannot excuse his failure to comply with this court's orders regarding the proper procedure for responding to motions for summary judgment. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that *pro se* litigants are subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure). Consequently, the facts described below are taken from the defendant's brief because they were not properly controverted by the plaintiff and deemed undisputed for the purposes of the motion for summary judgment.

Avondale Mills is a textile manufacturer of yarn and fabric and owns facilities in Alabama, Georgia, and South Carolina.[1] Spidell began working for the defendant in July 1986 as a yarn handler in Avondale's Catherine Mill.[2] During the time period at issue in this lawsuit,

---

[1] Declaration of Jerry King.

[2] Pl's Dep., p. 29-30; Ex. 1.

plaintiff was working as a weigher at Avondale's cotton warehouse in Sylacauga, Alabama and was paid $10.05 per hour.[3]

Spidell was the only weigher at the Sylacauga Plant[4] and was responsible for weighing incoming and outgoing trailers of cotton, completing the paperwork involved in the weighing, and answering the telephone.[5]  At some point, instead of requiring the transport trucks to be weighed at a central location, the cotton was shipped directly to its destination for weighing.[6]  Consequently, the number of trucks with cotton shipments needing weighing gradually decreased.[7]  Given what the defendant characterizes as a significant reduction of work, the plaintiff was notified that his position was being eliminated on April 8, 2003.[8]

In his deposition, the plaintiff acknowledged that he was offered alternative positions as an expediter, lift truck operator, and marker.[9]  The expediter position had the same hourly pay rate as the weigher position.  However, Spidell did not want to transfer into any of the three available positions and asked to be placed on "No Work Available" status effective April 14,

---

[3]Pl's Dep., p. 84.

[4]King Decl., ¶ 5.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]Plaintiff disputes the defendant's contention that his job as a weigher was eliminated and alleges that he has "witnesses stating the job is still running . . . . to eliminate the job you would have to shut the whole mill down.  That's where it all begins with the cotton."  *See* doc. # 30, p. 4.  However, in contravention of Exhibit A to the scheduling order, Spidell does not submit any affidavit from such witness or cite to the evidentiary record.  *See* Exhibit A to the Scheduling Order, p. 2, n. 1. Consequently, the court accepts Avondale's contentions as true for purposes of summary judgment.

[9]Pl's dep., p. 83-84.

2003.[10]

"No Work Available" status allows employees to maintain bidding rights to pursue other positions that might become available within the corporation while maintaining insurance and benefits for a period of time determined by the employee's seniority.[11]  Given his seniority, Spidell was eligible to remain on "No Work Available Status" until October 14, 2003.[12]  Plaintiff admits that he was familiar with the procedures for obtaining alternate employment and concedes that he never applied for any jobs after the elimination of his job as weigher.[13]

To the limited extent that weighing functions are still performed at the defendant's Sylacauga plant, they are divided between Mark Stringfellow, an hourly supervisor, who performs weighing functions in addition to his other supervisory duties and other randomly assigned employees.[14]

## II. STANDARD OF REVIEW AND LEGAL FINDINGS

Summary judgment is an integral part of the Federal Rules of Civil Procedure and allows a trial court to decide cases where no genuine issues of material facts are present. Fed. R. Civ. P. 56.  Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). *See also, Celotex v. Catrett*, 477 U.S. 317, 327 (1986).  A factual dispute is genuine where "the

---

[10] Pl's Dep., p. 84, Ex. 13.

[11] Pl's Dep., p. 85-86, Ex. 15.

[12] *Id.*

[13] *Id.*

[14] King Decl., ¶ 7.

4

evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 251-52. In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." *Ryan v. Int'l Union of Operating Eng'rs, Local* 675, 794 F.2d 641, 643 (11th Cir.1986). Furthermore, mere verification of a party's own conclusory allegations is not sufficient to oppose a motion for summary judgment. *Fullman v. Graddick*, 739 F.2d 553 (11th Cir. 1984).

Having reviewed the briefs and evidence submitted by both parties and construing the facts in the light most favorable to the plaintiff, the court concludes that the defendant's motion for summary judgment is due to be GRANTED in its entirety, for the following reasons.

### III. DISCUSSION

#### A. Hostile Work Environment

Plaintiff has not presented sufficient evidence from which a reasonable juror could conclude that he was subjected to a racially hostile work environment. The court does not address the statute of limitations arguments raised in the defendant's brief in support of its motion for summary judgment because, even assuming the incidences comprising the plaintiff's hostile work environment claims are not barred by the statute of limitations, Spidell has not provided the court with any evidence from which to establish a *prima facie* case of a racially hostile work environment in violation of Title VII or 42 U.S.C. § 1981.

Spidell's objection to the defendant's motion for summary judgment is based on instances where the plaintiff alleges that Bill Hamilton, his immediate supervisor, sent him home early, refused to let him park in the employee parking lot, reduced his pay if he was even five minutes late, would not let his family members visit the job, repeatedly told him that he was not needed

by the company, and other actions that, according to the plaintiff, were designed to get him to quit his job.

To be actionable, racially motivated workplace harassment must be both objectively offensive--one that a reasonable person would find hostile or abusive--and subjectively offensive--one that the plaintiff in fact did perceive to be so. *See Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993). In an attempt to organize these various factors into a cohesive framework, the Eleventh Circuit has adopted a five-prong paradigm for analyzing racial harassment claims. Specifically, the plaintiff must demonstrate that (1) he is a member of a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his race; (4) the harassment was so severe and pervasive that it altered the terms and conditions of the employee's environment and created a hostile or abusive working environment; and (5) a basis exists for employer liability. *Gupta v. Florida Bd. of Regents,* 212 F.3d 571, 583 (11th Cir. 2000); *Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999); *Merriweather v. Ala. Dep't of Pub. Safety*, 17 F. Supp. 2d 1260, 1271 (M.D. Ala. 1998). These factors taken together must reveal conduct extreme enough to "amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

The plaintiff's submission in opposition to the motion for summary judgment merely describes a laundry list of grievances against Hamilton and declares in conclusory fashion that this conduct was sufficiently severe to create a racially hostile work environment. However, without information from which to provide the appropriate context, a reasonable jury could not

possibly conclude that the harassment alleged by Spidell was so severe and pervasive[15] that it altered the terms and conditions of his employment, as opposed to occurring infrequently and sporadically. *See Lawrence v. Wal-Mart Stores, Inc.*, 236 F. Supp. 2d 1314, 1326 (M.D. Fla. 2002) (holding that racially motivated comments made to the plaintiff sporadically over a eight month period did not rise to the level of frequency to be actionable under Title VII).

Spidell also does not provide the court with any evidence that Hamilton, or any other Avondale employee, harassed or otherwise targeted him because of his race. The court assumes for purposes of this motion for summary judgment that the conduct plaintiff attributes to Hamilton was unwelcome. However, Spidell has not produced evidence from which a reasonable jury could conclude that this treatment was motivated by race. Title VII does not create a "general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80 (1998). Hamilton's comments and actions were not, when considered in their totality, related to race at all, but, at worst, the actions of a insensitive or even callous boss. However, Title VII, nor any federal law, does not govern the type of behavior alleged by the plaintiff in this lawsuit. *See Portera v. Ala. Dept. of Finance*, 322 F.Supp.2d 1285, 1290 (M.D. Ala. 2004) (comments which did not appear to be related to a plaintiff's race do "not even come close to stating a claim" of racial harassment), *aff'd,* 45 Fed. Appx. 886 (11th Cir. 2002) (table). *See Also, Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 2000 (11th Cir. 2001) (distinguishing between activities based on discriminatory animus instead of personal

---

[15]To satisfy the fourth element, Plaintiff must prove that: he subjectively perceived the conduct to be abusive, and a reasonable person objectively would find the conduct at issue hostile or abusive. *Harris v. Forklift Sys.,* 510 U.S. 17*,* 21-22 (1993).

animus).

Given the foregoing analysis, the court concludes that Avondale's motion for summary judgment on the plaintiff's hostile work environment claim is due to be GRANTED.

**B. Termination**

Plaintiff also has not presented sufficient evidence from which a reasonable juror could conclude that his April 11, 2003 termination was discriminatory.  Spidell questions the legitimacy of Avondale's reduction-in-force argument.  According to the plaintiff's assertions, the volume of trucks to be weighed at Avondale's Sylacauga warehouse has actually increased.  Spidell alleges that Mark Stringfellow, a white male with less seniority, continues to perform weighing functions at the defendant's Sylacauga plant.

A former employee discharged as part of a reduction-in-force may establish a *prima facie* case of discrimination under Title VII by demonstrating (1) he or she is a member of a protected group and was adversely affected by an employment decision; (2) he or she was qualified for his own position or to assume another position at the time of the discharge; and (3) providing proof from which a rational fact finder could conclude that his employer intended to discriminate against him in making the discharge decision.  *Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1331 (11th Cir. 1998).

Spidell satisfies the first two prongs of the prima facie case. He is an African-American who was terminated in response to what the defendant characterizes as a drastic decrease in the demand for weighing functions at its Sylacauga, Alabama facility.  The defendant does not allege that the plaintiff was unqualified to perform his job.

However, the court finds that the plaintiff has presented the court with insufficient evidence to create a genuine issue of material fact regarding the third prong of the *prima facie* case. The defendant admits that some weighing functions are still performed at its Sylacauga plant and that Mark Stringfellow, a white male, performs the majority of these functions. However, plaintiff has not submitted any evidence establishing that a decrease in demand did not justify eliminating the full-time weighing position at the Sylacauga Plant. Spidell's conclusory allegations that the workload has increased are insufficient to create a genuine issue of material fact precluding summary judgment. Lastly, the plaintiff does not present any evidence establishing any impropriety in the administration of Avondale's "No Work Available" status, even conceding that he was offered three alternative positions upon notification that the full-time weigher position was being eliminated.

Given the above-referenced evidentiary insufficiency, the court finds that Spidell has not established a *prima facie* case of discriminatory termination. Accordingly, the defendant's motion for summary judgment is due to be GRANTED on the plaintiff's discriminatory termination claim pursuant to Title VII and 42 U.S.C. § 1981.

**C. Disparate Treatment**

Lastly, plaintiff has not presented sufficient evidence from which a reasonable juror could conclude that, prior to his termination, he was subjected to disparate treatment in the terms and conditions of his employment. Spidell alleges that Hamilton denied him parking privileges, burdened him with additional job duties, disapproved his requests for leave, and generally precluded him and other African-American employees from obtaining supervisory positions.

Although alleging that he was denied these privileges based upon race and suggesting that these identical privileges were granted to white employees, the plaintiff does not provide the court with any comparator evidence; specifically, he fails to present any evidence that similarly situated white employees received the above-referenced benefits.  *See Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (holding that a *prima facie* case requires proof that plaintiff is a member of a protected class; was subjected to an adverse employment action; similarly situated employees outside the protected class were treated more favorably; and the plaintiff was qualified to do the job).  Accordingly, the motion for summary judgment is due to be GRANTED on the plaintiff's disparate treatment claims.

The court will enter a separate order consistent with this Memorandum Opinion.

DONE and ORDERED this 27th day of May, 2005.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE